**TITLE INSURANCE AND TRUST CO., as Trustee of the Robert Tollin Greenspan Trust, et al., Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 71–2291.

United States Court of Appeals, Ninth Circuit.

Aug. 23, 1973.

---

J. Howard Sturman (argued), of Balter & Sturman, Los Angeles, Cal., for plaintiff-appellant.

Gilbert E. Andrews (argued), Fred B. Ugast, Acting Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D. C., Robert L. Meyer, U. S. Atty., Mason C. Lewis, Asst. U. S. Atty., Los Angeles, Cal., Meyer T. Rothwacks, William Massar, Wesley J. Filer, Tax Div., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before MERRILL and CHOY, Circuit Judges, and CONTI, District Judge.*

MERRILL, Circuit Judge:

This appeal presents the question whether a redemption of stock by a corporation is, as to the shareholder, subject to capital-gain treatment or is to be treated as a dividend.

Section 302 of the Internal Revenue Code, 26 U.S.C. § 302, governs. Section 302(a) provides that if conditions set forth in § 302(d) apply, a redemption of stock shall "be treated as a distribution in part or full of payment in exchange for stock." The only condition arguably applicable is that provided by § 302(b)(1): "Subsection (a) shall apply if the redemption is not essentially equivalent to a dividend." The question thus presented here is whether the redemption was "essentially equivalent to a dividend." Section 302(c)(1) provides that "section 318(a) shall apply in determining the ownership of stock for purposes of this section." The applicable provisions of § 318(a) referred to here as the "attribution rules," are set forth in the margin.[1] The question arises on the following facts.

Sidney and Helen Greenspan were the sole owners of the common stock of Robillwayne Corporation [the corporation]. On October 17, 1957, they created trusts for each of their three children. The corpus of each trust consisted of 450 shares of the stock of the corporation, being 15 percent of the then total of 3,000 outstanding shares, with an aggre-

---

* Honorable Samuel Conti, United States District Judge for the Northern District of California, sitting by designation.

1. Section 318(a)(1)(A)(ii) provides: "An individual shall be considered as owning the stock owned, directly or indirectly, by or for * * * his children, grandchildren, and parents." Section 318(a)(3)(B) provides: "Stock owned, directly or indirectly, by or for a beneficiary of a trust * * * shall be considered as owned by the trust * *." Section 318(a)(5)(A) provides: "Stock constructively owned by a person by reason of the application of paragraphs (1), (2), (3), or (4), shall, for purposes of applying paragraphs (1), (2), (3), and (4), be considered as actually owned by such person."

gate of 45 percent owned by the three trusts.

In 1965 the corporation's board of directors resolved to exercise an option reserved under the terms of the trust instruments and redeem the stock held by the trusts so that corporate plans for a possible merger and the election of "Subchapter S" tax status could be pursued. The redemption was consummated and the proceeds were retained and reinvested by the trustee for the sole benefit of the trust beneficiaries. Following the redemption, Sidney and Helen Greenspan once again owned 100 percent of the stock of the corporation, now reduced, however, to 1650 shares.

On its 1965 federal income tax returns for each of the trusts, the trustee reported the redemptions as sales or exchanges giving rise to capital gain. The Internal Revenue Service determined that the entire redemption proceeds were essentially equivalent to a dividend and taxable as ordinary income. A deficiency of $13,024.39 plus interest was assessed as to each trust. These sums were paid and this suit for refund was brought by the trustee.

The District Court ruled in favor of the United States, holding that once the ownership of corporate stock is determined pursuant to the attribution rules, see note 1, *supra*, the result is that the redemption was essentially equivalent to a dividend. The court relied on United States v. Davis, 397 U.S. 301, 90 S.Ct. 1041, 25 L.Ed.2d 323 (1970).[2] We affirm.

Application of the attribution rules produces this remarkable result. Under § 318(a)(1)(A) the beneficiary of each trust is to be considered as owning the stock of his parents, Sidney and Helen Greenspan. Under § 318(a)(3)(B) each trust is to be considered as owning the stock owned directly or indirectly by the beneficiary. Thus, prior to redemption each trust owned 70 percent of the stock

of the corporation. After redemption, however, with stock reduced to 1650 shares, all actually owned by Sidney and Helen Greenspan, each trust, under the attribution rules, owned 100 percent of the stock. There was no reduction in the stockholders' interests as the consequence of redemption. To the contrary, there was an increase.

As stated in United States v. Davis, *supra*, 397 U.S. at 307, 90 S.Ct. at 1045:

"After application of the stock ownership attribution rules, this case viewed most simply involves a sole stockholder who causes part of his shares to be redeemed by the corporation. We conclude that such a redemption is always 'essentially equivalent to a dividend' within the meaning of that phrase in § 302(b)(1) * * *."

Appellant protests against the unreality of this result. It struggles to distinguish *Davis* on several grounds: that that case involved preferred stock rather than common stock; that in *Davis* the taxpayer himself was in control of the corporation and in control of the redemption; that under the economic realities it is absurd to say that after parting with their entire stock holdings, the trusts are deemed to have increased their proportionate interests in the corporation.

But this is only to protest that the attribution rules do not appropriately apply to a determination under § 302(b)(1). Such protest is in vain for on this point *Davis* is clear:

"However, the plain language of the statute compels rejection of the argument. In subsection (c) of § 302, the attribution rules are made specifically applicable 'in determining the ownership of stock for purposes of this section.' Applying this language, both courts below held that § 318(a) applies to all of § 302, including § 302(b)(1)—a view in accord with the decisions of the other courts of ap-

2. Grabowski Trust v. Commissioner, 58 T.C. 650 (1972), now provides further support.

peals, a longstanding treasury regulation, and the opinion of the leading commentators."

397 U.S. at 306, 90 S.Ct. at 1044.[3]

What the rules do is attribute unity and entity to a family.[4] Whether the taxpayer be the parent, child or grandchild, for tax purposes he represents the family interest and the extent of family control. Whether the redemption is essentially equivalent to a dividend does not depend on how it affects the taxpayer in his own holdings or control, but on how it affects the hypothetical family entity. As to that hypothetical entity, the redempion here was essentially equivalent to a dividend.

Judgment affirmed.

---

3. Mr. Justice Douglas, in dissent, construes the result in this fashion: "[T]he Court says that in the case of closely held or one-man corporations a redemption of stock is 'always' equivalent to a dividend. * * *" 397 U.S. at 314, 90 S.Ct. at 1048.

4. Such assumptions may, indeed, prove awkward or unfair in cases where families do

not behave as the rules assume they will, and intra-family disputes exist as to who should control and how. However, we do not have such problems here.